## WATTS *v.* McALLISTER.

PLEADING.— *Complaint.—Deceit.— Contract.—*A complaint by A. against B. alleged, that on, &c., there was a litigation anticipated between the plaintiff

and one C., arising out of an alleged case of bastardy; that the defendant having knowledge of said fact, reported to the plaintiff, that, for two hundred and fifty dollars, he could and would compromise and settle it and procure a release; that afterwards, the defendant informed the plaintiff that he had compromised it for two hundred dollars, and had taken a bond in the sum of one thousand dollars, from C., D., and E., not to institute suit against the plaintiff for said bastardy; that thereupon plaintiff executed to defendant two notes, one for one hundred dollars, and the other for one hundred and fifty dollars, the first of which was paid at maturity, but the other remained unpaid and was still in the possession of defendant; that after the payment of said first note, plaintiff was arrested on account of said alleged bastardy, and then first learned, and it was true, that he had been deceived and imposed on by the defendant, who had never compromised the anticipated litigation, or attempted to do so; that said notes were executed in consideration of the false and fraudulent pretense and representation aforesaid, and for no other consideration; that in consequence of said false and fraudulent representation and pretense, by which his signature to the notes was obtained, "and the failue of defendant to comply with his said agreement," the plaintiff had been damaged in, &c.

*Held*, that this was a complaint for deceit, and not on contract.

APPEAL from the Montgomery Circuit Court.

GREGORY, C. J.—Suit by Watts against McAllister for fraud and breach of contract. The complaint is in two paragraphs. The first alleges, that in June, 1867, there was a litigation anticipated between the plaintiff and one Castor, arising out of an alleged case of bastardy; that the defendant, having knowledge of the anticipated litigation, reported to the plaintiff, that for the sum of two hundred and fifty dollars, he could, and would compromise and settle it, and procure a release; that afterwards the defendant informed the plaintiff that he had compromised it for two hundred dollars, and that he had taken a bond in the sum of one thousand dollars from said Castor, Isaac Castor, and Jonas Jones, not to institute suit against the plaintiff for said bastardy; that thereupon the plaintiff executed to defendant two notes, one for one hundred dollars, and the other for one hundred and fifty dollars; that the first note was paid at maturity, but that the other remains unpaid, and is still in the possession of the defendant; that subsequent to the payment of the first note, the plaintiff was arrested on ac-

count of the alleged bastardy, and then learned for the first time, and avers it to be true, that he had been deceived and imposed on by the defendant; that McAllister had never compromised the anticipated litigation, or attempted it; that the notes were executed in consideration of the false and fraudulent pretense and representation before mentioned, and for no other consideration whatever; that in consequence of said false and fraudulent representation and false pretense by which his signature to the notes was obtained, *and the failure of the said McAllister to comply with his agreement,* he has been damaged in the sum of one thousand dollars.

The other paragraph avers a contract, by which McAllister agreed to procure a compromise and release of the anticipated litigation between the plaintiff and Castor, for the alleged bastardy, for two hundred and fifty dollars, the payment of one hundred dollars thereof, and a breach of the contract. A demurrer to each paragraph of the complaint, for want of sufficient facts, was overruled as to the first, and sustained as to the second.

It is not pretended, in the argument of appellee's counsel, that the second paragraph of the complaint is bad, but it is urged, that the error of the court below in sustaining the demurrer thereto did not injure the plaintiff, as the same cause of action is embraced in the first. We do not think so. The first paragraph is for deceit; the second is on a contract. There is no allegation in the first that Watts assented to the proposition of McAllister, that he could and would compromise and procure a release of the bastardy case. To make a contract, two minds must meet. It is contended, however, that the statement in italics supplies the want of this averment. This position cannot be sustained. There is no "*agreement*" to which this statement can apply; it is mere surplusage. Proof of the contract alleged in the second paragraph of the complaint would not sustain the first. Under the code, it would be a failure of proof, and not a mere variance. It is claimed that the complaint

is bad for a misjoinder of causes of action. It is enough to say that the demurrer was not for a misjoinder of causes of action, but, that the complaint did not state facts sufficient.

The court below erred in sustaining the demurrer to the second paragraph of the complaint.

Judgment reversed, with costs; cause remanded, with directions to overrule the demurrer to the second paragraph of the complaint, and for further proceedings.

*P. S. Kennedy, R. H. Galloway,* and *J. McCabe,* for appellant.

*J. M. Butler,* for appellee.